UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARDHE RAMAJ,<br><br>    Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | Docket No. 1:18-cv-04038<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CONAGRA BRANDS, INC.** |

For its answer and affirmative defenses to the allegations in each paragraph of the Verified Complaint ("Complaint"), Defendant Conagra Brands, Inc., incorrectly identified in the caption as Conagra Foods, Inc. ("Conagra") states and alleges that it:

1. Is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2. Denies the allegations in Paragraph 2.

3. With respect to the allegations in Paragraph 3, answers that it is a Delaware corporation with its principal place of business in Chicago, Illinois. Denies the remaining allegations in Paragraph 3.

4. Denies the allegations in Paragraph 4.

5. With respect to the allegations in Paragraph 5, admits that it manufactures products sold in the state of New York. Denies the remaining allegations in Paragraph 5.

6. With respect to the allegations in Paragraph 6, admits that it maintains a place of business in Omaha, Nebraska. Denies the remaining allegations in Paragraph 6.

7. With respect to the allegations in Paragraph 7, admits that it is in the business of selling food products, including "PAM Original" cooking spray. Denies that it sells food

products, including "PAM Original" cooking spray directly to the public, and denies the remaining allegations in Paragraph 7.

8. With respect to the allegations in Paragraph 8, admits it is in the business of selling food products, including "PAM Original" cooking spray. Denies that it sells food products, including "PAM Original" cooking spray directly to the public, and denies the remaining allegations in Paragraph 8.

9. Denies the allegations in Paragraph 9.

10. Is without information or knowledge sufficient to form a belief as to truth of the allegations in Paragraph 10, and therefore denies the same.

11. Makes no response to the allegations in Paragraph 11 because they assert conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in Paragraph 11.

12. Is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14. Denies the allegations in Paragraph 14.

15. Denies the allegations in Paragraph 15.

16. Denies the allegations in Paragraph 16.

17. Denies the allegations in Paragraph 17.

18. Denies the allegations in Paragraph 18.

19. Denies the allegations in Paragraph 19.

20. With respect to the allegations in Paragraph 20, admits it is in the business of selling food products, including "PAM Original" cooking spray. Denies that it sells food products, including "PAM Original" cooking spray directly to the public, and denies the remaining allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21.

22. With respect to the allegations in Paragraph 22, incorporates by reference the responses set forth in Paragraphs 1 through 21 of this Answer as though fully set forth herein.

23. With respect to the allegations in Paragraph 23, admits it is in the business of selling food products, including "PAM Original" cooking spray. Denies that it sells food products, including "PAM Original" cooking spray directly to the public, and denies the remaining allegations in Paragraph 23.

24. Makes no response to the allegations in Paragraph 24 because they assert conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25.

26. Denies the allegations in Paragraph 26.

27. Denies the allegations in Paragraph 27.

28. Denies the allegations in Paragraph 28.

29. With respect to the allegations in Paragraph 29, incorporates by reference the responses set forth in Paragraphs 1 through 28 of this Answer as though fully set forth herein.

30. Denies the allegations in Paragraph 30.

31. Denies the allegations in Paragraph 31.

32. Denies the allegations in Paragraph 32.

33. Denies the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34.

35. Denies the allegations in Paragraph 35.

36. Denies the allegations in Paragraph 36.

37. Denies the allegations in Paragraph 37.

38. With respect to the allegations in Paragraph 38, answers that the Complaint speaks for itself with respect to the theories and causes of action alleged. To the extent any further response is required, Conagra denies the allegations in Paragraph 38.

39. Denies the allegations in Paragraph 39.

40. Denies the allegations in Paragraph 40, and further denies that Plaintiff is entitled to any of the relief sought in the prayer for relief immediately following Paragraph 40.

41. Except as expressly admitted or otherwise answered herein, Conagra denies each and every matter, statement and allegation set forth in the Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff bears such burden, Conagra states for its separate and affirmative defenses as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Conagra is not subject to general or specific jurisdiction in this Court for Plaintiff's claims under the binding U.S. Supreme Court precedent because: (1) Conagra is not incorporated in New York and its principal place of business is not in New York; and (2) Plaintiff has not alleged and cannot establish that Conagra has engaged in conduct or has operations in New York

that are directly linked to Plaintiff's claims as required by the binding U.S. Supreme Court precedent.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and repose.

### FOURTH DEFENSE

Plaintiff's claims are preempted by the applicable regulations of the Food and Drug Administration, the Hazardous Materials Regulations of the Department of Transportation, the Federal Hazardous Substances Act and/or other federal statues or regulations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff misused the cooking spray allegedly at issue and failed to read and/or otherwise take notice of the directions for use and warnings on the cooking spray label.

### SIXTH DEFENSE

Plaintiff failed and/or neglected to exercise ordinary care for her own personal safety and welfare, which was a proximate cause of the injuries and damages alleged.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew of the hazard that ultimately injured her and confronted the hazard knowingly and intentionally.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the potential danger associated with the cooking spray canister allegedly at issue was open and obvious and/or generally known and recognized.

## NINTH DEFENSE

The accident in question was caused by independent and/or superseding actions of persons or entities other than Conagra and for whom Conagra is in no way responsible or liable.

## TENTH DEFENSE

At all times relevant hereto, Conagra's products complied with industry standards and federal and state standards and regulations governing the manufacturing, sale, packaging, and distribution of said products.

## ELEVENTH DEFENSE

There are no warranties, express or implied, and no privity of contract between Plaintiff and Conagra. Moreover, Plaintiff failed to provide proper notice to Conagra of her warranty claims as required by law.

## TWELFTH DEFENSE

The product at issue in this case, when placed in to the stream of commerce, was a reasonably safe product as defined under New York law.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## FOURTEENTH DEFENSE

The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar claims against Conagra, in whole or in part.

## FIFTEENTH DEFENSE

If any liability is found against Conagra, said liability will constitute 50% or less of the total liability assigned to all persons liable, and, as such, the liability of Conagra to Plaintiff for

noneconomic loss shall be limited and shall not exceed Conagra's equitable share, as provided under Article 16 of the N.Y. C.P.L.R.

### SIXTEENTH DEFENSE

The culpable conduct of Plaintiff, including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein. Pursuant to N.Y. C.P.L.R. 1411, said damages should be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused said damages.

### SEVENTEENTH DEFENSE

In the event there has been any recovery by way of settlement, judgment or otherwise, N.Y. General Obligations Law § 15-108 applies to this action.

### EIGHTEENTH DEFENSE

Conagra hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action, and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

### **PRAYER FOR RELIEF**

WHEREFORE, having stated its answer and affirmative defenses, Defendant Conagra Brands, Inc. prays for the order and judgment of this Court as follows:

1. That this lawsuit be dismissed in its entirety and with prejudice;

2. That if judgment enters for Plaintiff, said judgment be reduced by any amount paid to Plaintiff by or from any third party;

3. That if judgment enters for Plaintiff, said judgment be reduced by any comparative responsibility of Plaintiff;

4. For attorneys' fees and costs as permitted by law; and

5.    For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Defendant Conagra Brands, Inc. hereby requests a trial by jury on all issues raised in the Complaint.

Dated: New York, New York
        July 19, 2018

Lavin, O'Neil, Cedrone & DiSipio

By: _____
Timothy J. McHugh, Esq.
420 Lexington Avenue, Suite 335
New York, New York 10170
212-319-6898
*Attorneys for Defendant Conagra Brands, Inc., incorrectly identified as Conagra Foods, Inc.*
*Our File No. 10295-1807668*

TO:    Albert Cohen, Esq.
        Cohen & Cohen Law Group, P.C.
        104-70 Queens Boulevard, Suite 312
        Forest Hills, New York 11372
        718-275-7779
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**TIMOTHY J. McHUGH,** herby certifies that on the 19th day of July, 2018, a copy of the foregoing Answer was filed electronically this day and is available for viewing from the Court's ECF system. Notice of this filing will be sent to all counsel of record via the Court's ECF system.

_____
Timothy J. McHugh